IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEROUND BROWN<br>No. M47675,<br><br>      Plaintiff,<br><br>vs.<br><br>B. HOLLOMAN,<br>R. CHERIM, and<br>SGT. MYERS<br><br>      Defendants. | Case No. 16−cv−0721−SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Geround Brown, an inmate in Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights for events that allegedly occurred at Vienna Correctional Center. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### **The Complaint**

On October 2, 2015, Defendant B. Holloman wrote Plaintiff a disciplinary ticket. (Doc. 1, p. 6). Plaintiff alleges that the ticket was false. (Doc. 1, p. 6). The ticket states that Plaintiff signed a statement that he had a homemade weapon in his possession that he had made for protection in case he ever needed it. (Doc. 1, p. 19). The disciplinary report further states that Plaintiff admitted that he fabricated the weapon from a piece of plastic with a razorblade and that he used it to threaten another inmate for money. (Doc. 1, p. 19). Plaintiff denies making these statements and alleges that his signature was forged. (Doc. 1, p. 6, 9). He further denies that he ever had a weapon in his possession. (Doc. 1, p. 6).

Plaintiff had an Adjustment Committee hearing on October 9, 2015. (Doc. 1, p. 7). Defendants Cherim and Myers were on the adjustment committee. (Doc. 1, p. 8, 14). Plaintiff alleges that he was not given a copy of the charges prior to the hearing or given the opportunity

to have witnesses present. (Doc. 1, p. 7). Plaintiff was originally sentenced to 6 months C grade, 3 months segregation, 3 months revocation of good conduct credit and a disciplinary transfer. (Doc. 1, p. 15). However, his hearing was remanded on October 13, 2015. This time, Plaintiff received 1 year C grade, 1 year segregation, 1 year revocation of good conduct credit and a disciplinary transfer. (Doc. 1, p. 8, 15). Plaintiff alleges that he was not issued a ticket for the second hearing and that the second hearing did not address any additional information. (Doc. 1, p. 8, 15). Documents submitted in support of his Complaint show that Plaintiff's first sentence was ultimately reinstated after he appealed to the Administrative Review Board ("ARB"). (Doc. 1, p. 10, 20).

With the ARB's reduction, Plaintiff should have been released from segregation at Menard on January 2, 2016. (Doc. 1, p. 11). Due to a paperwork error, he was not released until February 25, 2016. (Doc. 1, p. 11). Plaintiff alleges that while in segregation in Menard, he became aggravated, depressed, stressed, and sad and was deprived of privileges, visiting days and telephone use. (Doc. 1, p. 11). His cell lacked a window to the outside. (Doc. 1, p. 12). He was not permitted to speak to other inmates. (Doc. 1, p. 12). Plaintiff's cell was small, which made it difficult to exercise and the sanitation in the cell was poor. (Doc. 1, p. 12).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to consolidate the pro se action into one count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1:** Defendants violated Plaintiff's Fourteenth Amendment right to due process in relation to the October 2, 2015 disciplinary report and subsequent administrative proceedings.

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). But "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Id.* (citing *Lekas v. Briley*, 405 F.3d 602, 608-09, n. 4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *Crowder v. True*, 74 F.3d

812, 815 (7th Cir. 1996). This is because discretionary, or administrative, segregation is not considered "atypical," but rather an "ordinary incident of prison life" that prisoners should anticipate during their time in prison. *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008).

"[I]f the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh," then some process is needed. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009). The Seventh Circuit has clarified that a court must consider the length of segregated confinement together with all of the conditions of that confinement in determining whether a liberty interest is implicated; it is an error to only consider terms of longer than six months, and conditions should not be considered in isolation from one another. *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015).

Here, Plaintiff has alleged that he was incarcerated in a small, windowless cell and that he had little to no contact with others, including family members or other inmates. These are not "atypical" or "unusually harsh" conditions. Rather, the conditions that Plaintiff describes are the kind of conditions normally found in segregation. In fact, some of the loss of privileges that Plaintiff complains of is likely due to his C-grade status, not segregation itself. For example, there is nothing about the physical structure of Menard that prevents Plaintiff from calling his family, and so that is not properly a condition of confinement. It is a privilege that Plaintiff was not permitted to enjoy. The Court also takes into consideration the fact that Plaintiff ultimately spent less than four months in segregation for a fairly serious offense—threatening violence at a minimum security facility. On these facts, Plaintiff has not adequately pleaded that he was deprived of a liberty interest.

Similarly, the fact that Plaintiff may have been issued a false disciplinary ticket, without more, does not give rise to a Fourteenth Amendment claim. This is because "due process

safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses . . . . [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report." *Hadley v. Peters*, 841 F.Supp. 850, 856 (C.D. Ill. 1994), *aff'd*, 70 F.3d 117 (7th Cir. 1995) (citations omitted).

The disciplinary hearing and Adjustment Committee report will not be analyzed further because a right to due process has not been triggered. However, the Complaint will be dismissed without prejudice to provide Plaintiff an opportunity to file an amended complaint.

As a final note, Plaintiff appears to be attempting to blame the Vienna defendants for the fact that he spent additional time in segregation past the three months the ARB ultimately determined he should receive. First, the documents attached to the Complaint show that Plaintiff's segregation time was not actually reduced until he had already served four months in segregation. (Doc. 1, p. 20). Secondly, while it appears that Plaintiff spent extra weeks in segregation due to a paperwork error at Menard, none of the named defendants work there. There is no allegation that the defendants interfered with either the ARB's or Menard's ability to do their paperwork. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). As the defendants were not responsible for processing Plaintiff's grievances or the paperwork limiting his time in segregation, they cannot be held responsible for the delay.

## Pending Motions

Plaintiff has also filed a Motion for Recruitment of Counsel, which the Court will now address as it has dismissed Plaintiff's Complaint with leave to amend. (Doc. 2). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff represents that he has contacted an attorney and a legal aid clinic and has been denied by both. However, the rejection letter Plaintiff submitted from the Chicago Legal Clinic is not an outright rejection, but a request for more information. There is no indication that Plaintiff wrote back to provide the missing information. Because an attorney is justified in requesting more information prior to accepting the representation, Plaintiff's silence on whether he complied with the request makes it impossible to determine at this stage whether Plaintiff's attempts at finding counsel have been reasonable. Therefore, Plaintiff's motion for the appointment of counsel will be **DENIED** without prejudice. (Doc. 2).

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, associating specific defendants with specific factual allegations within 35 days of the entry of this order (on or before October 3, 2016). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an Amended Complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

    **IT IS SO ORDERED.**

    **DATED: August 29, 2016**

    s/ STACI M. YANDLE
    United States District Judge